**FILED**
US DISTRICT COURT
WESTERN DISTRICT
OF ARKANSAS

Aug 31, 2018

OFFICE OF THE CLERK

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

**MARY JOHNSTON, BARBARA BATES**
**ANGELA SLAUGHTER, Each**
**Individually and on Behalf of**
**All Others Similarly Situated**                                    **PLAINTIFFS**

vs.                          No. 2:18-cv-2152

**CITY OF FORT SMITH, ARKANSAS**                        **DEFENDANT**

## ORIGINAL COMPLAINT—CLASS AND COLLECTIVE ACTION

COME NOW Plaintiffs Mary Johnston, Barbara Bates and Angela Slaughter, each individually and on behalf of all others similarly situated ("Plaintiffs"), by and through their attorneys Allison Koile, Chris Burks and Josh Sanford of Sanford Law Firm, PLLC, and for their Original Complaint—Class and Collective Action against Defendant City of Fort Smith, Arkansas ("Defendant"), and in support thereof, they do hereby state and allege as follows:

## I.     PRELIMINARY STATEMENTS

1.      This complaint includes a class action and a collective action brought by Plaintiffs, each individually and on behalf of all other all city employees who received a bonus known as "longevity pay" and were employed after August 31, 2015, provided that they worked over 40 hours in some weeks, as explained below.

2.      Plaintiffs bring this class and collection action  under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* ("AMWA"), for declaratory judgment, monetary

damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees, as a result of Defendant's failure to pay Plaintiffs and other city employees who received longevity pay a lawful overtime compensation for hours worked in excess of forty (40) hours per week.

3.    Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendant has willfully and intentionally committed violations of the FLSA and AMWA as described, *infra*.

4.    Further, Plaintiff Mary Johnston ("Johnston") individually brings this action pursuant to Americans with Disabilities Act of 1990 ("ADA") and the Arkansas Civil Rights Act of 1993, Ark. Code Ann. § 16-123-101, et seq. ("ACRA"), for declaratory judgment, compensatory damages and costs, including a reasonable attorney's fee for retaliation for engaging in federally protected activities after Plaintiff Johnston filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission (EEOC.)

## II.    JURISDICTION AND VENUE

5.    The United States District Court for the Western District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA and the ADA.

6.    Plaintiffs' claims under the AMWA form part of the same case or controversy and arise out of the same facts as the FLSA claims alleged in this Complaint.

7.    Therefore, this Court has supplemental jurisdiction over Plaintiffs' AMWA claims pursuant to 28 U.S.C. § 1367(a).

8.    Plaintiff Johnston's claims under the ACRA form part of the same controversy and arise out of a common nucleus of operative facts as the ADA claims.

9.    The acts complained of herein were committed and had their principal effect within the Fort Smith Division of the Western District of Arkansas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

10.    Defendant does business in this District and a substantial part of the events alleged herein occurred in this District.

11.    The witnesses to overtime wage violations and retaliatory actions of Defendant alleged in this Complaint reside in this District.

12.    On information and belief, the payroll records and other documents related to the payroll practices that Plaintiffs challenges are located in this District.

### III.    THE PARTIES

13.    Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

14.    Plaintiffs are residents and citizens of Sebastian County.

15.    At all times material herein, Plaintiffs have been entitled to the rights, protection and benefits provided under the FLSA, the AMWA, the ADA and the ACRA.

16.    As employees for Defendant, Plaintiffs were employees of a public agency employed in city business and activities, and therefore entitled to the protections of the FLSA.

17.    Defendant is an "employer" within the meanings set forth in the FLSA, the AMWA, the ADA and the ACRA, and was, at all times relevant to the allegations of this Complaint, Plaintiffs' employer.

18.    Defendant is an employer subject tot the FLSA as a public agency pursuant to 29. U.S.C. § 203.

19.    Defendant participated in the management of Plaintiffs' work, including setting and enforcing the amount of hours worked and the amount and manner of compensation paid.

20.    Defendant dictated, controlled and ratified, both implicitly and explicitly the wage and hour practices and all related employee compensation policies that are at issue.

21.    Defendant operates the Fort Smith Transit Department where Plaintiffs were employed within the three (3) years prior to the filing of this Complaint as city employees who received longevity pay.

22.    Defendant can be served through the city of Fort Smith mayor who is George McGill, 623 Garrison Avenue #315, Fort Smith, Arkansas 72901.

23.    At all relevant times, Defendant employed five or more employees in law enforcement activities pursuant to 29 U.S.C. § 213(b)(20).

## IV.    FACTUAL ALLEGATIONS – FLSA CLAIMS

24.    Plaintiffs repeat and re-allege all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

25.    During part of the three (3) years prior to the filing of this lawsuit, Plaintiffs were hourly-paid city employees.

26.    At all times relevant to the allegations in the Complaint, Plaintiffs have been employed by Defendant in city business and operations and received longevity pay based on the length of time they were employed by Defendant.

27.    Plaintiffs and other city employees who received longevity pay were classified as hourly employees and paid an hourly rate.

28.    Plaintiffs and other city employees who received longevity pay regularly worked in excess of forty (40) hours per week throughout their tenure with Defendant.

29.    Plaintiffs and other city employees who received longevity pay were paid that non-discretionary longevity pay on a regular basis when certain objective and measurable criteria were met.

30.    In addition, Defendant paid Plaintiffs and other longevity pay employees one-and-one-half (1.5) times their base hourly rate for each hour they worked over forty (40) hours per week.

31.    However, Defendant did not include the longevity pay of Plaintiffs and other city employees into the regular rate of pay when calculating their overtime pay.

32.    Section 778.208 of Title 29 of the Code of Federal Regulations requires that non-discretionary bonuses, such as shift and hour-based premiums, "must be totaled in with other earnings to determine the regular rate on which overtime pay must be based."

33.    Defendant violated the FLSA and the AMWA by not including the longevity pay Plaintiffs and other city employees who received longevity pay in their regular rate when calculating their overtime pay.

34.    Defendant knew, or showed reckless disregard for whether, the way it paid Plaintiffs and other all city employees who received longevity pay violated the FLSA and AMWA.

## V.    REPRESENTATIVE ACTION ALLEGATIONS

### A.    FLSA § 216(b) Class

35.    Plaintiffs repeat and re-allege all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

36.    Plaintiffs bring this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

37.    Plaintiffs bring their FLSA claims on behalf of all hourly city employees who received longevity pay employed by Defendant at any time within the applicable statute of limitations period, who were classified by Defendant as non-exempt from the overtime requirements of the FLSA and who are entitled to payment of the following types of damages:

A.    Payment for all hours worked, including payment of a lawful overtime premium for all hours worked in excess of forty (40) hours in a workweek; and

B.    Liquidated damages and attorneys' fees and costs.

38.    In conformity with the requirements of FLSA Section 216(b), Plaintiffs have attached hereto as Exhibit "A" a written Consent to Join this lawsuit.

39.    The relevant time period dates back three years from the date on which Plaintiffs' Original Complaint—Class and Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a).

40.    The members of the proposed FLSA Collective are similarly situated in that they share these traits:

A.    They were classified by Defendant as non-exempt from the overtime requirements of the FLSA;

B.    They were paid hourly;

C.    They recorded their time in the same manner; and

D.    They were subject to Defendant's common policy of improperly calculating overtime pay for hours worked over forty (40) per work week.

41.    Plaintiffs are unable to state the exact number of the potential members of the FLSA Collective but believes that the group exceeds 200 persons.

42.    Most working-class Americans have become increasingly reliant on email and text messages, and generally use them substantially more than traditional U.S. Mail.

43.    Defendant can readily identify the members of the Section 16(b) Collective. The names, physical addresses, electronic mailing addresses and phone numbers of the FLSA collective action plaintiffs are available from Defendant, and a Court-approved Notice should be provided to the FLSA collective action plaintiffs via first class mail, email and text message to their last known physical and electronic mailing addresses and cell phone numbers as soon as possible, together with other documents and information descriptive of Plaintiffs' FLSA claim.

### B.    AMWA Rule 23 Class

44.    Plaintiffs, each individually and on behalf of all others similarly situated who were employed by Defendant within the State of Arkansas, brings this claim for relief for violation of the AMWA as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

45.    Plaintiffs propose to represent the class of hourly city employees who received longevity pay who are/were employed by Defendant within the relevant time period.

46.     Common questions of law and fact relate to all members of the proposed class, such as whether as a result Defendant's failure to include longevity pay in its calculation of overtime pay, Defendant paid members of the proposed class a lawful overtime wage in accordance with the AMWA.

47.     Common questions of law and fact predominate over any questions affecting only the individually named Plaintiffs, and a class action is superior to other available methods for fairly and efficiently adjudicating the claims of the members of the proposed AMWA class.

48.     The class members have no interest in individually controlling the prosecution of separate actions because the policy of the AMWA provides a bright-line rule for protecting all non-exempt employees as a class.  To wit: "It is declared to be the public policy of the State of Arkansas to establish minimum wages for workers in order to safeguard their health, efficiency, and general well-being and to protect them as well as their employers from the effects of serious and unfair competition resulting from wage levels detrimental to their health, efficiency, and well-being." Ark. Code Ann. § 11-4-202.

49.     Plaintiffs are unable to state the exact number of the potential members of the AMWA class but believes that the class exceeds 100 persons. Therefore, the class is so numerous that joinder of all members is impracticable.

50.     At the time of the filing of this Complaint, neither Plaintiffs nor Plaintiffs' counsel knows of any litigation already begun by any members of the proposed class concerning the allegations in this Complaint.

51.    Concentrating the litigation in this forum is highly desirable because Defendant is based in the Western District of Arkansas and because Plaintiffs and all proposed class members work or worked in Arkansas.

52.    No difficulties are likely to be encountered in the management of this class action.

53.    The claims of Plaintiffs are typical of the claims of the proposed class in that Plaintiffs worked as hourly employee for Defendant and experienced the same violations of the AMWA that all other class members suffered.

54.    Plaintiffs and their counsel will fairly and adequately protect the interests of the class.

55.    Plaintiffs' counsel is competent to litigate Rule 23 class actions and other complex litigation matters, including wage and hour cases like this one, and to the extent, if any, that they find that they are not, they are able and willing to associate additional counsel.

56.    Prosecution of separate actions by individual members of the proposed class would create the risk of inconsistent or varying adjudications with respect to individual members of the proposed class that would establish incompatible standards of conduct for Defendant.

## VI.    FACTUAL ALLEGATIONS – ADA and ACRA CLAIMS

57.    Plaintiff Johnston individually repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

58.    Plaintiff Johnston has an impairment in her left eye due to amblyopia and scar tissue development from periodic viral infections.

59.    Despite Johnston's impairment, Johnston has maintained a valid CDL for many years, which was renewed in June of 2016 and Johnston passed the State required vision test.

60.    Despite Johnston's impairment, Johnston has been employed as a commercial transit drive for Defendant for many years,

61.    The Department of Transportation ("DOT") does not require physicals for City of Fort Smith CDL holders, but Defendant claims it has a discretionary policy of requiring DOT physicals which the City of Fort Smith is free to enforce as much or as little as the City of Fort Smith wants.

62.    The Director of the Arkansas Transit Association informed Johnston and Defendant, however, that as of June 26, 2017, Defendant was incorrect in stating that DOT physical requirements apply to all public transportation systems.

63.    Despite being informed that the DOT physical requirements are not required, Johnston was still required by Defendant to undergo a visual eye examination pursuant to the DOT requirements of physical qualifications.

64.    Johnston did not pass the visual eye examination but sought, and was later granted, a waiver.

65.    Johnston obtained an application for a waiver to send to the Federal Motor Carriers Safety Administration Vision Exemption Program, which included a letter of reference for a vision waiver from Johnston's immediate supervisor as well as an affirmation that the City of Fort Smith Transit Department is not bound by the DOT physical requirements.

66.     Despite providing a letter of reference for a vision waiver from her immediate supervisor, Johnston's immediate supervisor later told Johnston he "wasn't comfortable" giving Johnston the waiver, and Johnston was terminated June 9, 2017.

67.     Johnston filed a charge of discrimination with the Equal Employment Opportunity Commission ('EEOC") 493-2017-0152 after being discharged based on being "regarded as" disabled by Defendant.

68.     On or about November 21, 2017, Johnston applied for a Transit Dispatcher position with Defendant, and on December 12 Johnston learned that she was neither interviewed nor hired for the position.

69.     On or about January 14, 2018, Johnston applied for a Meter Reader position with Defendant and on January 25 Johnston learned that she was neither interviewed nor hired for the position.

70.     Johnston was not provided an explanation for why she was not considered for the positions of Transit Dispatcher or Meter Reader.

71.     Johnston was qualified for the positions and had worked as a Transit Dispatcher during her tenure of employment with the City. Further, a Meter Reader is a lower grade job than Johnston's previous position as a Transit Operator.

72.     The real reason Johnston was denied the Transit Dispatcher and Meter Reader positions was due to Johnston's engagement in federally protected actions, namely, for filing charges of discrimination with the EEOC.

73.     Johnston was retaliated against for filing a previous EEOC charge in violation of the ADA and ACRA.

## VII.    FIRST CLAIM FOR RELIEF
### (Individual Claims for Violation of FLSA)

72.    Plaintiffs repeat and re-allege all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

73.    29 U.S.C. § 207 requires employers to pay employees one and one-half (1.5) times the employee's regular rate for all hours that the employee works in excess of forty (40) hours per week.  29 U.S.C.S. § 207.

74.    Defendant violated Section 778.208 of Title 29 of the Code of Federal Regulations by not including the longevity pay of Plaintiffs in their regular rate when calculating her overtime pay.

75.    Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

76.    By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs for, and Plaintiffs seek, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

77.    Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiffs as provided by the FLSA, Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

## VII.    SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of FLSA)

78.    Plaintiffs repeat and re-allege all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

79.    Plaintiffs bring this collective action on behalf of all hourly city employees who received longevity pay employed by Defendant to recover monetary damages owed

by Defendant to Plaintiffs and members of the putative collective for all the overtime compensation for all the hours they worked in excess of forty (40) hours per week.

80.    Plaintiffs bring this action on behalf of themselves individually and all other similarly situated employees, former and present, who were and/or are affected by Defendant's willful and intentional violation of the FLSA.

81.    29 U.S.C. § 207 requires employers to pay employees one and one-half (1.5) times the employee's regular rate for all hours that the employee works in excess of forty (40) hours per week.  29 U.S.C.S. § 207.

82.    Defendant violated Section 778.208 of Title 29 of the Code of Federal Regulations by not including longevity pay of Plaintiffs and those similarly situated in their regular rate when calculating their overtime pay.

83.    In the past three years, Defendant has employed hundreds of city employees who received longevity pay.

84.    Like Plaintiffs, these all city employees who received longevity pay regularly worked more than forty (40) hours in a week.

85.    Defendant failed to pay these workers at the proper overtime rate.

86.    Because these employees are similarly situated to Plaintiffs, and are owed overtime for the same reasons, the opt-in class may be properly defined as:

**All hourly recipients of longevity pay who worked in excess of forty (40) hours in any week within the past three (3) years.**

87.    Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

88.    By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs and all those similarly situated for, and Plaintiffs and all those similarly situated

seek, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

89.    Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiffs and all those similarly situated as provided by the FLSA, Plaintiffs and all those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.    THIRD CLAIM FOR RELIEF
### (Individual Claims for Violation of the AMWA)

90.    Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

91.    Plaintiffs assert this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-201, et seq.

92.    At all relevant times, Defendant was Plaintiffs' "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

93.    Arkansas Code Annotated § 11-4-211 requires employers to pay all employees one and one-half (1.5) times regular wages for all hours worked over forty (40) hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

94.    Defendant failed to pay Plaintiffs all overtime wages owed, as required under the AMWA.

95.    Defendant's failure to include the longevity pay in Plaintiffs' overtime pay resulted in a failure to pay Plaintiffs full and complete overtime during weeks in which Plaintiffs worked more than forty (40) hours.

96.    Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

97.    By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs for monetary damages, liquidated damages, costs, and a reasonable attorney's fee provided by the AMWA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiffs' initial complaint, plus periods of equitable tolling.

98.    Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiffs as provided by the AMWA, Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

## IX.    FOURTH CLAIM FOR RELIEF
### (Class Action Claim for Violation of the AMWA)

99.    Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

100.    Plaintiffs, each individually and on behalf of all others similarly situated who were employed by Defendant within the State of Arkansas, assert this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-201 *et seq.*

101.    At all relevant times, Defendant has been, and continues to be, an "employer" of Plaintiffs and the members of the proposed class within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

102.    Arkansas Code Annotated § 11-4-211 requires employers to pay all employees one and one-half (1.5) times regular wages for all hours worked over forty (40) hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

103.   Defendant failed to pay Plaintiffs and members of the proposed class all overtime wages owed, as required under the AMWA.

104.   Defendant's failure to include the longevity pay in Plaintiffs' and members of the proposed class's overtime pay resulted in a failure to pay Plaintiffs and members of the proposed class full and complete overtime during weeks in which Plaintiffs and members of the proposed class worked more than forty (40) hours.

105.   Plaintiffs propose to represent a class of individuals who are owed overtime wages and other damages for the same reasons as Plaintiffs, which may be defined as follows:

**All hourly recipients of longevity pay who worked in excess of
forty (40) hours in any week within the past three (3) years**

106.   Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

107.   By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs and the proposed class for monetary damages, liquidated damages, costs, and a reasonable attorney's fee provided by the AMWA for all violations which occurred within the three (3) years prior to the filing of this Complaint, plus periods of equitable tolling.

108.   Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiffs and members of the proposed class as provided by the AMWA, Plaintiffs and members of the proposed class are entitled to an award of prejudgment interest at the applicable legal rate.

## X.    FIFTH CLAIM FOR RELIEF
### (Johnston Claim for Violation of the ADA)

109.    Plaintiff Johnston repeats and realleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

110.    On or about December 15, 2017, Johnston filed a charge with the EEOC alleging violations of Title I of the ADA and retaliation by Defendant for failure to interview or hire Johnston for the Transit Dispatch position.

111.    Johnston received a Notice of Rights Letter on June 26, 2018. All conditions precedent to the institution of this lawsuit have been fulfilled.

112.    On or about April 23, 2018, Johnston filed a charge with the EEOC allegations violations of Title I of the ADA and retaliation by Defendant for failure to interview or hire Johnston for the Meter Reader position.

113.    Johnston received a Notice of Rights Letter on August 29. All conditions precedent to the institution of this lawsuit have been fulfilled.

114.    Defendant engaged in unlawful employment practices in Fort Smith, Arkansas, in violation Sections 102(a) of the ADA, 42 U.S.C. § 12112(a).

115.    Specifically, Defendant retaliated against Johnston for filing a claim with the EEOC as Johnston was denied meaningful opportunities  to apply for the Transit Dispatcher and Meter Reader positions with Defendant.

116.    The effect of the practices complained of above have been to deprive Johnston of equal employment opportunities and otherwise adversely affect her status as an employee.

117.    The unlawful practices complained of above were and are intentional.

118.   The unlawful practices complaint of above were done with reckless indifference to the federally protected rights of Johnston.

119.   Pursuant to the ADA, Plaintiff Johnston is entitled to, and she seeks, an additional amount of liquidated damages equal to the sum of her lost wages or salary benefits and/or other compensation denied or less to her by reason of Defendant's violations of the ADA, plus any interest she is entitled for these causes, because Defendant's violations were not in good faith ad Defendant had no reasonable grounds for believing that its actions were not in violation of the ADA.

## XI.   SECOND CAUSE OF ACTION

### (Violations of the ACRA Anti-Discrimination Provisions)

120.   Plaintiff Johnston repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

121.   Johnston brings this action against Defendant under the Arkansas Civil Rights Act of 1993, Ark. Code Ann. § 16-123-101, *et seq.* ("ACRA").

122.   At all relevant times, Johnston was an "employee" within the meaning of ACRA.

123.   At all relevant times, Defendant was the "employer" of Johnston within the meaning of ACRA.

124.   On or about December 15, 2017, Johnston filed a charge of retaliation with the EEOC alleging that Defendant retaliated against her for filing a charge of discrimination with the EEOC after she was not interviewed nor hired for a position she was qualified for,

125.   Johnston was issued a Notice of Right to Sue letter on June 26, 2018.

126.    Defendant intentionally retaliated against Johnston after she, in good faith, filed a charge of discrimination against her employer in violation of A.C.A. § 16-123-108, which states in relevant part "No person shall discriminate against any individual because such individual in good faith has opposed any act or practice made unlawful by this subchapter or because such individual in good faith made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing."

127.    On or about April 23, 2018, Johnston filed a charge of retaliation with the EEOC alleging that Defendant retaliated against her for filing a charge of discrimination with the EEOC after she was not interviewed nor hired for a second position she was qualified for,

128.    Johnston was issued a Notice of Right to Sue letter on August 29.

129.    Defendant intentionally retaliated against Johnston after she, in good faith, filed an additional charge of discrimination against her employer in violation of A.C.A. § 16-123-108.

130.    Claims brought under the ARCA are governed by the same standards as Title VII claims. *Clegg v. Ark. Dep't. of Corr.*, 496 F.3d 922, 926 (8th Cir. 2007).

131.    As more fully described hereinabove, Defendant, through its agents and employees, including Johnston's supervisor(s), discriminated against Johnston with respect to the terms, conditions, and privileges of employment as a result of Johnston filing an initial charge of discrimination with the Equal Employment Opportunity Commission (EEOC).

132.    Defendant used Johnston's engagement in filing a charge with the EEOC as a motivating factor to deny her employment opportunities in violation of the ACRA.

133.    Johnston was passed over for employment positions with Defendant for which she was qualified.

134.    As a result of Defendant's violations of the ACRA, Johnston seeks injunctive relief, front pay, back pay, attorney's fees and costs, compensatory damages for any past or future out-of-pocket losses and any emotional harm, and punitive damages.

## XII.    PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs Barbara Bates, Mary Johnston and Angela Slaughter respectfully pray that Defendant be summoned to appear and to answer herein as follows:

A.    That Defendant be required to account to Plaintiffs, the class and collective members, and the Court for all of the hours worked by Plaintiffs and the class and collective members and all monies paid to them;

B.    A declaratory judgment that Defendant's practices alleged herein violate the FLSA and attendant regulations at 29 C.F.R. § 516 *et seq.;*

C.    A declaratory judgment that Defendant's practices alleged herein violate the AMWA and the related regulations;

D.    Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former employees;

E.    Judgment for damages for all unpaid overtime compensation under the FLSA and attendant regulations at 29 C.F.R. §516 *et seq.;*

F.    Judgment for damages for all unpaid overtime compensation under the AMWA and the related regulations;

G.     Judgment for liquidated damages pursuant to the FLSA and attendant regulations at 29 C.F.R. §516 *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiffs and members of the class and collective during the applicable statutory period;

H.     Judgment for liquidated damages pursuant to the AMWA and the relating regulations;

I.     An order directing Defendant to pay Plaintiffs and members of the class and collective pre-judgment interest, reasonable attorney's fees and all costs connected with this action;

J.     A declaratory judgment in favor of Plaintiff Johnston, decreeing that her federally protected rights have been violated under the ADA and the relating regulations;

K.     A declaratory judgment in favor of Plaintiff Johnston, decreeing that her civil rights have been violated under the ACRA and the relating regulations;

L.     Judgment for interest and liquidated damages as that term is defined in 29 U.S.C. § 2617, reasonable attorneys' fees, costs of action and other relief as this Court deems appropriate, including reinstatement and/or an appropriate award of front pay; and

M.     Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**PLAINTIFFS MARY JOHNSTON,
BARBARA BATES and ANGELA
SLAUGHTER, Each Individually
and on Behalf of All Others
Similarly Situated**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

Allison Koile
Ark. Bar No. 2011154
allison@sanfordlawfirm.com

Chris Burks
Ark. Bar No. 2010207
chris@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

**MARY JOHNSTON, BARBARA BATES,**                    **PLAINTIFF**
**ANGELA SLAUGHTER, Each**
**Individually and on Behalf of**
**All Others Similarly Situated**


vs.                              No. 2:18-cv-_____


**CITY OF FORT SMITH, ARKANSAS**                    **DEFENDANT**


## CONSENT TO JOIN COLLECTIVE ACTION


I have been employed as an hourly city employee who received longevity pay and worked in excess of forty (40) hours in at least one week for Defendant City of Fort Smith within the last three years. I understand this lawsuit is being brought under the Fair Labor Standards Act for unpaid wages and other relief. I consent to becoming a party-plaintiff in this lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by any settlement of this action or adjudication by the Court.

I declare under penalty of perjury that the foregoing is true and correct.


*Mary Johnston*
**MARY JOHNSTON**


Date: August 31, 2018

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

**MARY JOHNSTON, BARBARA BATES,**                    **PLAINTIFF**
**ANGELA SLAUGHTER, Each**
**Individually and on Behalf of**
**All Others Similarly Situated**


vs.                              No. 2:18-cv-_____


**CITY OF FORT SMITH, ARKANSAS**                    **DEFENDANT**

### CONSENT TO JOIN COLLECTIVE ACTION


I have been employed as an hourly city employee who received longevity pay and worked in excess of forty (40) hours in at least one week for Defendant City of Fort Smith within the last three years. I understand this lawsuit is being brought under the Fair Labor Standards Act for unpaid wages and other relief. I consent to becoming a party-plaintiff in this lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by any settlement of this action or adjudication by the Court.

I declare under penalty of perjury that the foregoing is true and correct.


*Barbara Bates*
**BARBARA BATES**


Date: August 31, 2018

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

**MARY JOHNSTON, BARBARA BATES,**                        **PLAINTIFF**
**ANGELA SLAUGHTER, Each**
**Individually and on Behalf of**
**All Others Similarly Situated**

vs.                                    No. 2:18-cv-_____

**CITY OF FORT SMITH, ARKANSAS**                        **DEFENDANT**

### CONSENT TO JOIN COLLECTIVE ACTION

I have been employed as an hourly city employee who received longevity pay and worked in excess of forty (40) hours in at least one week for Defendant City of Fort Smith within the last three years. I understand this lawsuit is being brought under the Fair Labor Standards Act for unpaid wages and other relief. I consent to becoming a party-plaintiff in this lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by any settlement of this action or adjudication by the Court.

I declare under penalty of perjury that the foregoing is true and correct.

*Angela Slaughter*
**ANGELA SLAUGHTER**

Date: August 31, 2018